FILED by \_\_MM\_\_ D.C.

Aug 15, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20364-CR-GAYLES/TORRES

18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

YADIRA ESCOBAR ROJAS,

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136, 134 State. 281, was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering economic effects caused by the COVID-19 pandemic.

### The Paycheck Protection Program

2. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP").

3. In order to obtain a PPP loan, an applicant had to submit an application listing, among other information, the number of employees and average monthly payroll expenses for the

applicant's company. The applicant also had to certify that the funds would be used for payroll and other authorized expenses for the applicant's company.

4. A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was fully guaranteed by the U.S. Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

5. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Economic Injury Disaster Loan Program

6. The Economic Injury Disaster Loan ("EIDL") program was a U.S. Small Business Administration (SBA) program that existed before the COVID-19 pandemic to provide low interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

7. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In order to obtain a COVID-19 EIDL, a qualifying business was required to submit an EIDL application to the SBA and provide information about its operations, such as the number of employees, gross revenues,

and the cost of goods sold for the 12-month period preceding January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

8. EIDL applications were submitted directly to the SBA and processed by the SBA with support from a government contractor. The amount of the loan was determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold. Any EIDL funds were issued directly by the SBA.

## The Defendant and Relevant Entities

9. The defendant, **YADIRA ESCOBAR ROJAS**, was a resident of Miami-Dade County, Florida, in the Southern District of Florida.

10. The defendant, **YADIRA ESCOBAR ROJAS**, formed Los Molinos Trucking, Inc. ("Los Molinos") under the laws of Florida on approximately July 20, 2016, and served as the company's President and its only employee.

11. The defendant, **YADIRA ESCOBAR ROJAS**, formed Molino Fish Inc. ("Molino Fish") under the laws of Florida on approximately May 20, 2020, and served as the company's President and its only employee.

12. Processor 1 was based in Redwood City, California, and processed PPP loan applications for Bank 1.

13. Bank 1 was a financial institution based in Salt Lake City, Utah, and approved lender

3

of PPP loans.

# COUNT 1
## Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 13 of the General Allegations section of this Information are realleged and incorporated by reference as if fully set forth herein.

2. From on or about May 4, 2020, through on or about July 19, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**YADIRA ESCOBAR ROJAS,**

did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant to unjustly enrich herself by submitting two false and fraudulent EIDL applications to the SBA and one false and fraudulent PPP loan application to Processor 1 and use the resulting loan proceeds for her own personal benefit.

4

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant, **YADIRA ESCOBAR ROJAS**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

4. **YADIRA ESCOBAR ROJAS**, while in the Southern District of Florida, submitted and caused the submission of three false and fraudulent loan applications on behalf of two companies she controlled, Los Molinos and Molino Fish. The three applications consisted of one EIDL loan application and one PPP loan application on behalf of Los Molinos, and one EIDL loan application on behalf of Molino Fish. All three applications contained false information, including false information about the number of employees of both companies. The PPP loan application also contained false information about the amount of payroll of Los Molinos. The applications were submitted online via interstate wire communications.

5. As a result of the false and fraudulent PPP loan application **YADIRA ESCOBAR ROJAS** submitted on behalf of Los Molinos, Processor 1 approved the application and, with Bank 1, disbursed the loan proceeds via interstate wire transmission.

6. As a result of the two false and fraudulent EIDL loan applications **YADIRA ESCOBAR ROJAS** submitted, one on behalf of Los Molinos and one on behalf of Molino Fish, the SBA approved the applications and disbursed the loan proceeds via interstate wire transmission.

7. **YADIRA ESCOBAR ROJAS** used the proceeds from the fraud scheme for her own use and the use of others.

## USE OF THE WIRES

8. On or about May 29, 2020, the defendant, **YADIRA ESCOBAR ROJAS**, for the

5

purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, that is, an electronic application, submitted in the Southern District of Florida, to Processor 1, in Redwood City, California, for a PPP loan on behalf of Los Molinos, in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **YADIRA ESCOBAR ROJAS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $496,884.00, which represents the total amount of funds constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the alleged offense and may be sought as a forfeiture money judgment.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| Yadira Escobar Rojas | **CERTIFICATE OF TRIAL ATTORNEY*** |
| | **Superseding Case Information:** |
| _____ Defendant. _____ / | |

Court Division: (Select One)    New defendant(s)  ☐ Yes  ☐ No
☑ Miami  ☐ Key West  ☐ FTL    Number of new defendants _____
☐ WPB  ☐ FTP    Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Spanish**

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)             (Check only one)
   I   0 to 5 days    ☑         Petty         ☐
   II  6 to 10 days   ☐         Minor         ☐
   III 11 to 20 days  ☐         Misdemeanor   ☐
   IV  21 to 60 days  ☐         Felony        ☑
   V   61 days and over ☐

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Eli S. Rubin
Assistant United States Attorney
Court ID No.    A5502535

*Penalty Sheet(s) attached                              REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __YADIRA ESCOBAR ROJAS__

**Case No:** _____

Count #1:

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: Twenty (20) years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| YADIRA ESCOBAR ROJAS | ) |
| *Defendant* | ) |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Frank Gaviria
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*